# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LINDA STRENKOSKI,** | Civ. No. 2:13-cv-2201 (WJM) |
| **Plaintiff,** | |
| v. | **OPINION** |
| **APEX CHEMICAL INC.,** | |
| **Defendant.** | |

Plaintiff Linda Strenkoski moves without opposition pursuant to Federal Rule of Civil Procedure 55(b)(2) for a default judgment as to <u>liability only</u> against Strenkoski's former employer, Defendant Apex Chemical Inc. For the reasons stated below, the Court will **GRANT** Plaintiff's motion for default judgment as to liability.

The Complaint alleges that Plaintiff was "constantly subjected to overt and egregious sexual harassment in the workplace," and that the "frequency and severity of the sexual harassment increased throughout [her] employment." Compl. ¶¶ 17-18, ECF No. 1. When Plaintiff complained about the harassment to Michael Grief, her senior manager, Grief promised to remedy the situation. *Id.* ¶¶ 9, 25. Grief just let the harassment get worse. *Id.* ¶ 30. On June 6, 2012, male co-workers engaged in a lewd conversation in front of Plaintiff. *Id.* ¶ 31. Grief spoke with the employees, but later that day the employees continued to harass Plaintiff directly outside Grief's office, and Grief did nothing about it. *Id.* ¶¶ 32-33. On June 14, 2012, Defendant fired Plaintiff in response to Plaintiff's complaints about sexual harassment. *Id.* ¶ 39. On February 1, 2013, Grief called Plaintiff at home and threatened that Plaintiff should be afraid to initiate legal action because "Russian men . . . would be watching." *Id.* ¶ 42.

Plaintiff commenced this action by filing a two-count Complaint on April 8, 2013. Count I of the Complaint is a claim under the New Jersey Law Against Discrimination ("NJLAD") for a hostile work environment based on gender discrimination. Count II of the Complaint is a claim for retaliation under the NJLAD. Based on the allegations in the Complaint, the Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. § 1332.

Plaintiff served Defendant with the Complaint on June 19, 2013. ECF No. 3. Defendant did not answer or otherwise respond to the Complaint. Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered default against Defendant on August 21,

2013. ECF No. 4. Thereafter, Plaintiff filed the instant motion for default judgment. ECF No. 6. Plaintiff served Defendant with the instant motion on November 20, 2013. ECF No. 7.

The mere fact of default does not entitle Plaintiff to judgment. To enter a default judgment, the Court must first determine whether a sufficient cause of action has been stated, taking as true the factual allegations of the Complaint. *See, e.g.*, *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008). Once a cause of action has been established, "district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

In this case, the Court finds that the facts set forth in the Complaint merit entry of a default judgment. To state a claim under the NJLAD for a hostile work environment based on gender discrimination, Plaintiff must allege that "the complained-of conduct (1) would not have occurred but for the employee's gender; and it was (2) severe or pervasive enough to make a (3) reasonable woman believe that (4) the conditions of employment are altered and the working environment is hostile or abusive." *Lehmann v. Toys R Us, Inc.*, 132 N.J. 587, 603-04 (1993) (italics omitted). The Complaint alleges each of these elements. To state a claim under the NJLAD for retaliation, Plaintiff must allege that "(1) she was engaged in a protected activity known to the defendant; (2) she was thereafter subjected to an adverse employment decision by the defendant; and (3) there was a causal link between the two." *Woods-Pirozzi v. Nabisco Foods*, 290 N.J. Super. 252, 274 (App. Div. 1996). The Complaint alleges each of these elements. Accordingly, taking the allegations of the Complaint as true, Defendant is liable to Plaintiff for a hostile work environment and retaliation under the NJLAD.

The Court finds that there is no basis for Defendant to claim a meritorious defense. Also, it is clear that Plaintiff has been prejudiced by Defendant's failure to answer because Plaintiff has been unable to move forward with the case and has been delayed in receiving the requested relief, including an injunction to prevent further infringement. *See Malik v. Hannah*, 661 F. Supp. 2d 485, 490-91 (D.N.J. 2009). Finally, where, as here, a defendant has failed to respond, there is a presumption of culpability. *See Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 U.S. Dist. LEXIS 115142, at *10 (D.N.J. Oct. 5, 2011).

For the foregoing reasons, Plaintiff's motion for default judgment is **GRANTED** as to <u>liability only</u>. Plaintiff shall submit to the Court any information justifying damages no later than February 1, 2013.

                                               /s/ William J. Martini
                                       **WILLIAM J. MARTINI, U.S.D.J.**

**Date: December 16, 2013**